UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLORIA RICHARD,

        Case No.:

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian corporation, d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GLORIA RICHARD, by and through her undersigned counsel, hereby sues the Defendant, CARNIVAL CORPORATION, a Panamanian corporation, d/b/a CARNIVAL CRUISE LINES and alleges as follows:.

### Parties, Jurisdiction and Venue

1. The matter in controversy exceeds the sum or value of $75,000 pursuant to 28 U.S.C. § 1332 (a), exclusive of interest and costs. In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of this court pursuant to 28 U.S.C. § 1333.

2. Plaintiff, GLORIA RICHARD (hereinafter "RICHARD" or "Plaintiff"), is a citizen of the United States and resides in the state of Florida.

3. Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), is a Panamanian corporation with its principal place of business in Miami, Florida.

4. At all times material hereto, CARNIVAL personally and/or through an agent:

1

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

5. CARNIVAL issued a written contract of carriage to RICHARD, attached hereto as Exhibit "A"; specifically, section 13 – "Jurisdiction, Venue, Arbitration, Time Limits for Claims and Governing Law," paragraph (c) which requires suit to be litigated in the United States District Court for the Southern District of Florida in Miami.

6. CARNIVAL did business under its trademark of CARNIVAL CRUISE LINES and was the owner and operator of a cruise ship known as the M/V CARNIVAL GLORY.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

### Count I

Plaintiff realleges each and every allegation contained in paragraphs 1 through 7 above and further alleges:

8. On or about November 3, 2014, RICHARD was a passenger for hire on the vessel, M/V CARNIVAL GLORY, on a Caribbean cruise.

9. RICHARD paid CARNIVAL the duly specified fare for such cruise.

10. At all times material hereto, CARNIVAL had exclusive custody and control of the M/V CARNIVAL GLORY.

11. That at all times material hereto, CARNIVAL inspected RICHARD's stateroom on a basis of at least two times a day.

12. On or about the above date, CARNIVAL was negligent in creating and/or not correcting a dangerous condition and failing to warn Plaintiff of said condition, to wit: improper and malfunctioning stateroom lighting that failed to illuminate RICHARD's stateroom, causing RICHARD to fall when she entered her stateroom from her balcony.

13. At all times material hereto, CARNIVAL negligently failed to determine the hazards posed to RICHARD, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.

14. CARNIVAL knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

15. As a direct and proximate result of said negligence, RICHARD suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense for hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff prays that this honorable court enter judgment against Defendant for damages, costs and for such other relief as the court deems just and proper, and demand trial by jury of all issues so triable.

DATED this 27 day of August, 2015.

                            **Respectfully submitted,**

                            LAWRENCE J. BOHANNON, P.A.
                            Attorneys for Plaintiff
                            1141 Southeast 2nd Avenue
                            Fort Lauderdale, FL 33314
                            Telephone: (954) 523-2800
                            Facsimile: (954) 523-2732
                            Email: brogers@bohannonrogers.com
                                       asmith@bohannonrogers.com

BY: _____
                            ROBERT C. ROGERS, JR., ESQ.
                            Florida Bar No.: 274828